08-5588-cv
Massi v. Flynn

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which a litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/ ). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the twenty-fourth day of November, two thousand and nine.

PRESENT:

ROGER J. MINER,
JOSÉ A. CABRANES,
CHESTER J. STRAUB,
   *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
GUY MASSI,

   *Plaintiff-Appellant*,

   -v.-            No. 08-5588-cv

EDWARD FLYNN, individually and as Chief of Police of the
Village of Mamaroneck, ROBERT HOLLAND, as a member of
the Police Department, PHILIP TRIFILETTI, as Mayor of The
Village of Mamaroneck, WILLIAM J. PAONESSA, Trustee,
ANTHONY VOZZA, Trustee, CHRISTIE DERRICO, Trustee,
JOSEPH ANGILETTA, Trustee, THE VILLAGE OF MAMARONECK,
NEW YORK,

1

*Defendants-Appellees,*

JOHN O'RILEY, as Village Attorney of the Village of Mamaroneck,

*Defendant.*
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**                          JOSEPH A. MARIA, White Plains, NY.


**FOR DEFENDANTS-APPELLEES:**                     JOSEPH A. SACCOMANO, JR., Jackson Lewis LLP, White Plains, NY.

Appeal from an October 14, 2008 judgment of the United States District Court for the Southern District of New York (Cathy Seibel, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be **AFFIRMED.**

Plaintiff-appellant Guy Massi appeals from the District Court's dismissal of his equal protection and due process claims against defendants Edward Flynn, individually and as Chief of Police of the Village of Mamaroneck, Robert Holland, as a member of the Police Department, Philip Trifiletti, as Mayor of the Village of Mamaroneck, Trustees William J. Paonessa, Anthony Vozza, Christie Derrico, and Joseph Angiletta, as well as the Village of Mamaroneck, New York (collectively, "defendants"). Massi alleges that his employer, the Village of Mamaroneck Police Department, intentionally treated him "differently from others similarly situated" by filing two sets of disciplinary charges against him and suspending him without pay and failing to afford him sufficient due process. The District Court granted defendants' motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure and dismissed Massi's claim. On appeal, plaintiff alleges that the dismissal of his equal protection and due process claims was erroneous. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal.

We review *de novo* the District Court's decision to dismiss a suit on a motion under Rule 12(b)(6). *See, e.g., Amron v. Morgan Stanley Inv. Advisors Inc.*, 464 F.3d 338, 343 (2d Cir. 2006).

Massi does not assert a "standard" equal protection claim—that he was treated differently than other similarly situated employees based on his membership in a specific protected class. Rather, he claims that he is a "class of one" who was treated maliciously due to his alleged post-traumatic stress disorder and his failure to cooperate with Flynn's investigation of another police officer. As noted by the District Court, Massi's equal protection claim is barred by the Supreme Court's decision in *Engquist v. Or. Dep't of Agric.*, 128 S. Ct. 2146 (2008), which overruled Second Circuit precedent that had recognized "class of one" equal protection claims. In *Engquist*, the Supreme Court held that a public employee does not state a claim under the Equal Protection Clause unless he alleges that he was treated differently *based*

*on his membership in a particular class.* 128 S. Ct. at 2156 ("[If] plaintiffs need not claim discrimination on the basis of membership in some class or group, but rather may argue only that they were treated by their employers worse than other employees similarly situated, any personnel action in which a wronged employee can conjure up a claim of differential treatment will suddenly become the basis for a federal constitutional claim."). Because Massi claims only that he was treated differently from other similarly situated employees for malicious reasons or due to his alleged psychological injury and failure to cooperate with Flynn's investigation of another police officer, and not on the basis of his membership in any particular class, his equal protection claim is barred by *Engquist*.

Massi also argues that the District Court erred in dismissing his due process claim because (1) he did not timely receive a hearing when seeking disability benefits under General Municipal Law § 207-c, (2) the hearing officer was not independent, and (3) the hearing officer's adverse conclusions were incorrect. We conclude that because plaintiff was ineligible for disability benefits, he had no property interest in such benefits—a predicate showing for a due process claim—and thus could not have been deprived of due process in seeking those benefits. In any event, Massi did receive a hearing and has challenged the result of that hearing by bringing an Article 78 proceeding—an adequate pre- and post-deprivation procedure available under New York law. *N.Y. State Nat'l Org. for Women v. Pataki*, 261 F.3d 156, 168 (2d Cir. 2001) (holding that Article 78 proceedings provide a meaningful pre-deprivation process); *Hellenic Am. Neighborhood Action Comm. v. City of New York*, 101 F.3d 877, 881 (2d Cir. 1996) (holding that "an Article 78 proceeding is a perfectly adequate postdeprivation remedy" for alleged arbitrary acts of state employees). Accordingly, we affirm the District Court's order dismissing plaintiff's due process claim.

In sum, we have considered each of plaintiff's arguments on appeal and find them to be without merit.

## CONCLUSION

For the reasons stated above, we AFFIRM the judgment of the District Court.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court

By _____

3